Emmett J. Scechbpp, J.
On November 25, 1967 plaintiffs, passengers in an automobile owned by James Hill and operated by James Willie Smith, were involved in a one-car accident At the time a policy of automobile liability insurance issued by the Glens Falls Insurance Company was in effect. Thereafter, the Glens Falls Insurance Company instituted an action for a declaratory judgment and on May 1, 1972 after trial, it was determined that the policy provisions requiring written notice of the accident were breached and that the insurance carrier was entitled to disclaim coverage. On June 15, 1970 plaintiffs filed notice of intention to make claim against the Motor Vehicle Accident Indemnification Corporation and their demands for arbitration dated September 21, 1972 were permanently stayed as to MVAIC on November 10, 1972.
MVAIC interposed an answer to the complaint herein and raised the affirmative defense that plaintiffs are “qualified” persons, who failed to file a notice of intention to make claim in compliance with article 17-a of the Insurance Law of the *259 State of New York. MVAIC now moves to dismiss the complaint upon such ground and for such other and further relief as to the court may seem just and proper.
Plaintiffs at the time of the accident were “insured” persons and the holding that the insurance carrier gave proper notice of disclaimer would not operate to change their status to “qualified” persons. The Glens Falls Insurance Company policy necessarily contained the New York automobile indemnity indorsement (Insurance Law, § 167, subd. 2-a), under which plaintiffs were defined as “ insured ” persons and the insurance responsibility under the automobile accident indemnification indorsement exists independently of the standard policy provisions and plaintiffs cannot be deprived of this coverage by the act of the named insured in failing to give proper notice of the accident. It is through the medium of this indorsement of the Glens Falls policy that plaintiffs must look for indemnity, and it is from this contract that they derive their rights in these circumstances. (Matter of Knickerbocker Ins. Co., 22 N Y 2d 554.) Accordingly the motion must be granted and the complaint dismissed against MVAIC.